The first case for argument is United States v. Goodwin, and we'll hear from the appellant, counsel first. Good morning, Your Honors, and may it please the Court. My name is Maya Eckstein with Hunton Andrews-Kurt, and I represent Mr. Leroy Goodwin on appointment from this Court in pro bono. Your Honors, the Court appointed me to address a very specific issue, whether under the First Step Act, a district court may consider Section 401's non-retroactive amendments when imposing a new sentence under Section 404. I'm prepared to jump straight into that issue. Can I ask you before that, don't we have to answer the question whether he was already sentenced under the Fair Sentencing Act? Are you aware of our decision last year in U.S. v. Garcia? Yes, Your Honor. With respect to the eligibility issue, which I'm prepared to address as well, the court government has raised the question as to whether he is eligible on that basis. What Section 404 states is that a defendant is not entitled to a resentencing if he was previously sentenced in accordance with the amendments made by Sections 2 and 3 of the Fair Sentencing Act. Mr. Goodwin was sentenced in September of 2012, so certainly after enactment of the Fair Sentencing Act. But the First Step Act does not look merely at the date of resentencing, the date of sentencing. That's why I asked about Garcia, and Garcia, we said if you're sentenced after the date of the Fair Sentencing Act, after Dorsey, and there's nothing in the record that indicates you were not sentenced in accordance with the Fair Sentencing Act, then we're going to say you were. Correct. I understand. And in this case, nothing in the record indicates that, other than the date of sentencing, that Mr. Goodwin was sentenced in accordance with the Fair Sentencing Act. Sure, it does. His sentence complies with it, doesn't it, because of the conspiracies to objects, just like in Garcia? That's correct. With respect to the 50 grams of crack cocaine, that 50 grams, though, has no meaning under the Fair Sentencing Act amendments to Sections 2 and 3. That was never changed. It was never modified in any way in his indictment and his plea during the sentencing. Everything involved in his sentencing suggested that he was still being sentenced under the older rules regarding the 50 grams. Oh, it's because it's a dual-object conspiracy, and he was sentenced for the cocaine, right? Our position is that he was sentenced for both, for both the crack cocaine. You know that was the same factual predicate as Garcia, and we held to the contrary in that case. I believe in Garcia, there were different facts as well that suggested that he was sentenced in accordance with the Fair Sentencing Act. Here, our position is that he was not, because that 50 grams simply has no meaning under the Fair Sentencing Act. I want to ask you a question about the government's other eligibility argument, that he didn't plead guilty to a covered offense. It seems like the parties are disputing what offense the defendant pled guilty to, and so I wanted to ask you, if we assume just hypothetically that I thought the plea agreement was ambiguous, that there were some inconsistencies on this, and that the colloquy also had some inconsistencies, what would follow from that? The court has held that the government must be held to a greater degree of responsibility than the defendant for any imprecision in a plea agreement, so that ambiguities are construed against the government, and there are, while there is some imprecision here and ambiguity here, there is no question that the superseding indictment did indict him for charge a multi-object conspiracy involving both crack and powder cocaine. At the sentencing hearing, the district court read count one as it was written in the superseding indictment, charging a conspiracy involving both. The district court even asked Mr. Goodwin, quote, if he admitted or denied that he was involved in a cocaine and crack cocaine conspiracy, end quote, which he responded that he did, that was at page 234 of the joint appendix, and the government agent who testified repeatedly, he testified repeatedly to Mr. Goodwin's conduct as it related to crack cocaine. The plea slip also referenced count one as it was count one in the superseding indictment without any reference to deletion. So your position is it's not ambiguous, it's clear that he pled guilty to the both objects of the dual object conspiracy, because we also have cases suggesting that if there is actually no meeting of the minds as to what offense the defendant pled guilty to, then there's no plea agreement, and we have to vacate the conviction and start again. I do think that the preponderance of the evidence certainly points to an agreement here that he was pleading guilty to a multi-object conspiracy. I agree, I can see that the plea agreement itself, while referring to count one of the superseding indictment, which again referred to both crack and powder cocaine, it then recited the elements by referring only to powder cocaine. I think that's where the ambiguity could arise to the extent that there is one, but again, the court has held that ambiguity such as that should be construed against the government. Now, with respect to the question for which I was appointed, a ruling that Section 401's nonretroactive amendments may be considered when imposing a new sentence under Section 404 would be consistent with the court's precedent, with the language of the First Step Act, and with its remedial purpose. Through the court's line of precedent and worsening, Chamber, Collingtons, and Lancaster, the court has held that district courts must make holistic resentencing determinations under the First Step Act. That means that district courts must accurately calculate the guideline sentencing range, correct original guidelines errors, and apply intervening case law, whether retroactive or not, we know that from Collington and Lancaster, and consider the Section 3553A factors to sentence within the guidelines range. Having ruled that nonretroactive changes in case law must be considered, there isn't a principled reason not to also consider nonretroactive changes in the statutes. As the court has held, Section 404 does not impose limitations on what may be considered in connection with a 404 resentencing. The court has held the same with respect to 3582C1B, under which 404 resentencings occur. Just as there is under Section 404, as the court said in Chambers, no limiting language to preclude the court from applying intervening case law, there is no limiting language to preclude the application of intervening legislative changes. This is also consistent with Section 404's directive to impose a reduced sentence, and the court's interpretation of that phrase. As the court has held, impose, that term impose signifies that the court should not merely adjust the statutory minimum, but conduct a holistic resentencing. A reduced sentence under Section 404 is not a continuation of the defendant's original sentence, but the imposition of a new sentence based on the penalties that apply at the time of sentencing. It would be inconsistent with Section 404 not to so hold here. 404 is not predicated on a pre-existing sentence that is merely modified. The word impose contemplates a robust resentencing process, not plenary, but robust. The language in Section 401 also supports this conclusion. Section 401 states that it should apply to any offense that was committed before the date of the enactment of the Act, December of 2018, if a sentence for the offense has not been imposed as of such date of enactment. Notably, both Section 404 and 401 use that term imposed. Section 401 does not say that it shall not apply if the defendant was previously sentenced. It says if the sentence has not been imposed. Hasn't the sentence been imposed? I don't understand how that language helps you. I understand the distinction here is that that same language is used in Section 404. 401 itself is not self-executing. A defendant cannot come to the court and say, I deserve a resentencing under Section 401. 401 can apply only when a sentence is imposed, and Section 404 provides that vehicle, having used the same language. And as the court has held, the First Step Act contemplates a robust resentencing analysis. The First Step Act, along with the Fair Sentencing Act, together they've been described as strong remedial statutes meant to rectify disproportionate racially disparate sentencing penalties. Congress chose to correct those disparities by broadly empowering district courts to resentence defendants. A ruling here that Section 401 can apply in a 404 resentencing furthers that remedial purposes. As several district courts within the circuit have so held, there are courts in the District of Maryland, the Eastern District of Virginia, District of South Carolina, I believe also District of West Virginia. I particularly find Judge Trenga's reasoning in the United States v. Day case to be well thought out. I think it's a good example of the analysis. The defendant there was convicted of a multi-object conspiracy involving both crack and powder like here. He received an enhancement under Section 851 for a mandatory life sentence. Nobody disputed that with Section 401, he would no longer be eligible for the enhancements. And I believe there's no dispute here that Mr. Goodwin would be no longer eligible for the enhancement that he received either. After finding the defendant eligible for a Section 404 resentencing, Judge Trenga ruled that the intervening legislative changes in Section 401 should be treated the same as the judicially corrected guideline errors in Chambers. He explained that neither 404 nor 3582C1B limit what can be considered and also explained that Section 401 supported that conclusion for the reasons that we've discussed. Your Honors, I would turn to the words of Judge Trenga and his decision in Day in which he explained that the imposition of a new sentence under Section 404 without the benefit of the intervening change in Section 401 would reduce 404 to the absurdity of authorizing a reduction in a sentence that is irreducible and that cannot be what Congress intended. And as a result, we urge the court to vacate the lower court's ruling and remand so that it may resentence Mr. Goodwin under Section 404 with the application for Section 401. Are there no further questions? Further questions? Thank you very much. We will hear from the Court. May it please the Court, Fanula Tessier on behalf of the United States. Mr. Goodwin pleaded guilty and was sentenced after the Supreme Court's decision in Dorsey finding that the Fair Sentencing Act applied to defendants who are just like Mr. Goodwin, whose conduct predated the statute and whose sentences postdated it. He was also sentenced after this Court's decision in Jones, which had already reversed sentences that violated the ruling in Dorsey. As a result, the plea agreement, although Mr. Goodwin was charged with conspiring to distribute both 5 kilograms of cocaine powder and 50 grams of crack cocaine. The plea agreement set forth the elements for only the cocaine powder object of the conspiracy, the penalties for which were unchanged by the Fair Sentencing Act. At his plea colloquy, the GIST report instructed Mr. Goodwin that the only quantity of drugs that he had to allocute to was the 5 kilograms of cocaine powder that was set forth in the plea agreement. He was sentenced to the minimum sentence that was available under the Fair Sentencing Act for an offense involving 5 kilograms of cocaine powder. As a result, he is ineligible for a reduced sentence for three different but related reasons. First, under Section 404C, it provides that no court shall entertain a motion made under this section if the sentence was previously imposed in accordance with the amendments made by Sections 2 and 3 of the Fair Sentencing Act. There is no dispute that Mr. Goodwin's sentence did in fact comport with the Fair Sentencing Act and he is therefore ineligible for further relief. Second, he is ineligible under Section 404 because he was not sentenced for a covered offense. At most, the plea colloquy supports a finding that he agreed that he participated in a conspiracy involving some amount of crack cocaine. At the time of his First Step Act motion, this court's precedent stated that an offense involving any amount of crack cocaine was a covered offense. The Supreme Court has... Can I just ask you about this? Because he says he pled guilty to count one and count one charged with a specific amount of crack cocaine. And it does seem like we have this weird case where the parties actually that your argument on this has surfaced what appears to be a genuine dispute about the most fundamental element of a plea agreement, which is what did the defendant plead guilty to. The record appears to be ambiguous on that. There's an inconsistency in the agreement which I had gathered the government drafted. And you refer to it as a Scribner's error. And so now I don't know what this guy pled guilty to. And we do have case law saying that if we can't tell what crime a defendant pled guilty to, then there's not a valid plea agreement. It's a contract. And there's been no meeting of the minds. And we have to vacate the conviction and start again. Why does that not apply here? Your Honor, I think that case law applies where there is no agreement at all as to whether or not the defendant, what the defendant pleaded guilty to. Well, you all don't agree. Well, there is some agreement as to what the defendant pleaded guilty to. There is agreement that Mr. Goodwin pleaded guilty to a conspiracy to distribute five kilograms or more of cocaine powder. And that is sufficient for the plea agreement and his conviction to be considered valid because there is clearly a valid object of the conspiracy. The question is whether he pleaded guilty to both a conspiracy to distribute five kilograms of cocaine powder and a conspiracy to distribute 50 grams or more of crack cocaine. That's the only place where there's disagreement. And so because there is, I think Your Honor would be correct if there was no agreement that there was a valid conviction here. But because there is agreement as to one valid object, then I don't think that there's any need to question the validity of the conviction. I would note, I do think the easiest way for the court to resolve this case is under 404C, by finding that the defendant was already sentenced in accordance with the amendments made by Sections 2 and 3 of the Fair Sentencing Act. I think it's important that Congress here drafted two separate eligibility provisions. First, the covered offense. And second, recognizing that there were defendants whose conduct predated the Fair Sentencing Act, but who were in fact sentenced in accordance with that Act, specifically included this 404C precluding relief for defendants who have been sentenced in accordance with the amendments made by the Act, as Mr. Goodwin was here. Even, however, if he were eligible for a reduced sentence, the district court correctly determined that it did not have discretion to sentence him below the 20-year mandatory minimum sentence that applied under the Fair Sentencing Act. Section 401C, Mr. Goodwin attempts to take advantage of Section 401, which changed the penalty structure for 841 offenses. But Section 401C is explicit. It says that it applies to defendants whose offense occurred before passage of the statute, if the defendant has not been sentenced as of the date of this Act. And I think Mr. Goodwin was in fact sentenced as of the date of the First Step Act. I think it's important to read 401C in conjunction with 3582C1B, which governs sentence reductions of this kind. 3582C1B states that a district court, it is an exception to the rule of finality, and it states that a district court may reduce the sentence to the extent expressly provided for by statute. And not only does Section 404 not expressly provide for application of Section 401, but 401 itself expressly provides that it does not apply for a defendant has already been sentenced before the passage of the Act. For these three different but related reasons, Mr. Goodwin is ineligible for a sentence reduction. Further questions? The court has no further questions. Thank you. Thank you. Ms. Exton, you have a few minutes for rebuttal, if you like. I'll rest on my briefs unless the court has any specific questions. Thank both of you for your great arguments. And thank you for expediting the arguments today. I think the court has a clear impression of both positions here. And we particularly thank you, Ms. Exton, for being caught up on it. It is a position that this court takes to appoint very competent lawyers. We oversee you quite a bit with the committee that I, in fact, chair the selection of it. And thank you for your service here today. And thank you on behalf of the government, too, Ms. Tesler.
judges: James Andrew Wynn, Pamela A. Harris, Allison J. Rushing